IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAMELLA HOLLOWAY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 07-0839-WS-M |
| | ) |
| VICTOR MORROW, *et al.,* | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (doc. 4) this action to the Circuit Court of Dallas County, Alabama, on both jurisdictional and procedural grounds. The Motion has been briefed and is ripe for disposition.[1]

**I.    Background.**

On or about February 22, 2007, plaintiff Camella Holloway filed her Complaint against defendants Victor Morrow and Wal-Mart Stores, Inc. in the Circuit Court of Dallas County, Alabama. The Complaint alleged that on May 22, 2006, Holloway was shopping in a Wal-Mart retail store in Selma, Alabama when "she was caused to slip and fall on a slick and colorless liquid which had been allowed to accumulate in the aisle," as a result of which she allegedly sustained "severe and permanent injuries." (Doc. 1, Exh. A at 3 ¶ 8.) Based on these facts, Holloway asserted state-law claims for negligence, wantonness, and premises liability against Wal-Mart, as well as claims of negligence and wantonness against Morrow. With respect to Morrow, the Complaint alleged that he "was the general manager and/or manager of the Wal-Mart Store in Selma, Alabama on May 22, 2006" and that his "duties and responsibilities ... included maintaining the aisles of the Wal-Mart Store in Selma in a safe condition for customers shopping in the store. The plaintiff avers that the defendant, Victor Morrow ... negligently

---

[1] In briefing the Motion, plaintiff has requested oral argument. Pursuant to Local Rule 7.3, the Court in its discretion may rule on any motion without oral argument. After careful consideration of the parties' submissions, the undersigned is of the opinion that oral argument would not be of substantial assistance in resolving the straightforward legal issues presented. Accordingly, the request for oral argument is **denied**.

and/or wantonly failed to maintain these aisles in a safe condition." (*Id.* at 5, ¶¶ 18-19.) The Complaint specifically alleged that both Holloway and Morrow were citizens and residents of the State of Alabama. (*Id.* at 2, ¶¶ 1-2.)

Wal-Mart and Morrow were served with process and filed responsive pleadings,[2] after which the action proceeded in Dallas County Circuit Court for a period of several months. On December 4, 2007, however, Wal-Mart filed a Notice of Removal (doc. 1) removing this action to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446. Federal subject matter jurisdiction was predicated on diversity of citizenship, with Wal-Mart asserting that Morrow's non-diverse citizenship could be disregarded because he had been fraudulently joined. To justify the unusual timing of its removal notice (*i.e.*, some nine months after service of process), Wal-Mart asserted that it had removed the case within 30 days after receipt of "other paper" from which it was first ascertainable that the case was removable. (Doc. 1, ¶ 3.) This "other paper" takes the form of Plaintiff's Responses to Defendant's First Interrogatories Propounded by Defendant, Victor Morrow (the "Discovery Responses"), which plaintiff's counsel served on defendants on November 5, 2007. (Doc. 1, Exh. C.) In these interrogatories, Morrow asked in three nearly identical ways for facts supporting plaintiff's allegations that Morrow's negligence and wantonness had caused her injuries. With respect to each such request, Holloway answered in pertinent part as follows: "[T]he plaintiff states that, upon information and belief, the defendant is the manager over the entire Wal-Mart store in which she was injured. Further, the plaintiff refers the defendant to the allegations contained in her Complaint." (Doc. 1, Exh. C, at 1-2.) Wal-Mart characterized these responses as plaintiff "pass[ing]" on "an opportunity through discovery to further clarify her allegations against Morrow," and thereby establishing fraudulent joinder of that defendant. (Doc. 1, ¶ 10.)

Holloway now requests that this action be remanded to state court on the grounds that Wal-Mart untimely removed this action to this District Court and that Morrow was not fraudulently joined, in any event. Holloway also requests an award of costs and expenses,

---

[2] In its Answer, Wal-Mart admitted that Morrow "was the Manager of the subject Wal-Mart store on May 22, 2006." (Doc. 1, Exh. A, at 16.) For his part, Morrow filed an Answer admitting that he was a citizen and resident of the State of Alabama, and that he "was the Manager of the subject Wal-Mart store on May 22, 2006." (*Id.* at 74, 77.)

including attorney's fees, incurred as a result of this removal.

## II.     Analysis.

### A.     Legal Standard for Motion to Remand.

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction.  *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists") (citation omitted). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand.  *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction).[3]

There being no federal question presented in the Complaint, Wal-Mart predicated removal on diversity of citizenship.  Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See Darden v. Ford Consumer Finance Co.*, 200 F.3d 753, 755 (11th Cir. 2000) (to qualify for diversity jurisdiction, complaint must establish "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000"); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction ... [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted).  Additionally, the party asserting diversity jurisdiction (in this case,

---

[3]     *See also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (uncertainties regarding removal are resolved in favor of remand); *Newman v. Spectrum Stores, Inc.*, 109 F. Supp.2d 1342, 1345 (M.D. Ala. 2000) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

Wal-Mart) bears the burden of proving its existence.  *See, e.g., King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) ("Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity.").

        **B.**      *The "Other Paper" Issue.*

As an initial matter, the Court considers plaintiff's objection that the Notice of Removal was untimely filed.  The procedure for removal of a civil action is governed by 28 U.S.C. § 1446(b), which generally provides that notice of removal must be filed within 30 days after service of the initial pleading; provided, however, that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or ***other paper from which it may first be ascertained that the case is one which is or has become removable***."  28 U.S.C. § 1446(b) (emphasis added).  Thus, the statutory framework provides for a two-pronged analysis for removal, to-wit:  "[I]f the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant. ... [I]f the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of ... other paper from which the defendant can ascertain that the case is removable."  *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992).  "The time limit in 28 U.S.C. § 1446(b) is mandatory and must be strictly applied."  *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp.2d 1298, 1302 (M.D. Ala. 2003) (citation omitted).  Plaintiff's position is that Wal-Mart violated § 1446(b) by tarrying nine months after service of the Complaint before effecting removal.  However, Wal-Mart's position is that plaintiff's discovery responses of November 5, 2007 furnish the requisite "other paper" enabling removal, and that removal was perfected within 30 days after Wal-Mart's receipt of said "other paper," such that the time constraints of § 1446(b) have been satisfied.

It is clear that discovery responses may properly be deemed "other paper" for removal purposes.  *See, e.g., JHohman, LLC v. U.S. Sec. Associates, Inc.*, 513 F. Supp.2d 913, 916 (E.D. Mich. 2007) (collecting caselaw); *Williamson v. Fleetwood Homes of Mississippi, Inc.*, 346 F. Supp.2d 851, 852 n.1 (N.D. Miss. 2004) (response to requests for admissions constituted "other paper" giving rise to federal jurisdiction).  As such, there can be no doubt that the Discovery Responses may qualify to trigger the § 1446(b) 30-day period.

The more pertinent question, however, is whether the "other paper" exception has any bearing at all here.  If Wal-Mart were on notice of the purportedly removable nature of this action prior to service of the Discovery Responses, then the "other paper" exception is inapplicable.  As construed by district courts in this Circuit, the 30-day removal period prescribed by § 1446(b) commences running as soon as a defendant is able to ascertain intelligently that the action is removable.  *See, e.g., Mendez v. Central Garden & Pet Co.*, 307 F. Supp.2d 1215, 1217 (M.D. Ala. 2003) ("The crucial question is when the defendants received 'paper' from which they could have 'ascertained' that complete diversity existed, and thus that this case was removable."); *Clingan*, 244 F. Supp.2d at 1302 (explaining that § 1446(b) removal period commences as soon as defendant is able to ascertain intelligently that requisites of removability are present); *Naef v. Masonite Corp.*, 923 F. Supp. 1504, 1511 (S.D. Ala. 1996) ("When the initial pleading fails to provide at least a clue that the action is removable ... the thirty day time limit for notice of removal begins at the point when the defendant could have intelligently ascertained that the action was removable.") (citation omitted); *Moore v. Allstate Indem. Co.*, 2006 WL 2730743, *4 (S.D. Ala. Sept. 22, 2006) ("defendants were not required to remove based solely on the complaint unless they could have intelligently ascertained that the action was removable before receiving the plaintiff's discovery response") (citation omitted).  This principle holds equally true in the fraudulent joinder context.  *See, e.g., Delaney v. Viking Freight, Inc.*, 41 F. Supp.2d 672, 674 n.2 (E.D. Tex. 1999) ("While few courts have expressly addressed the issue of when a removal notice must be filed in a case involving fraudulent joinder, most reported opinions have enforced a 30-day removal period that begins to run from the time defendants can first ascertain that a party has been fraudulently joined.") (collecting cases).[4]

---

[4]     A corollary to these lines of authority is that a defendant cannot piggyback the § 1446(b) 30-day period on receipt of discovery responses containing information that it already possessed.  *See, e.g., Clingan*, 244 F. Supp.2d at 1303 (a removing defendant "cannot base the timing of its notice of removal on information allegedly obtained for the first time in a deposition when it legally possessed that information at an earlier date"); *Golden Apple Management Co. v. GEAC Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998) (explaining that "defendant cannot forgo one recognized means of obtaining information related to jurisdiction for another" to manipulate timing of removal petition).  So if the information contained in the Discovery

The fundamental problem facing Wal-Mart is that the Discovery Responses shed no more light on the removability of this action than the Complaint did. By way of review, Holloway's Complaint included the following allegations concerning defendant Morrow: (a) he is an Alabama citizen; (b) he was the general manager or manager of the Wal-Mart store where plaintiff was injured on the date of her injury; (c) Morrow's duties included maintaining the store aisles in a safe condition; and (d) Morrow negligently and/or wantonly failed to maintain those aisles in a safe condition, causing plaintiff's injuries. (Complaint, ¶¶ 2, 18-20.) The Discovery Responses answered Morrow's requests for factual specifics concerning plaintiff's claims against him by stating that Morrow "is the manager over the entire Wal-Mart store in which she was injured. Further, the plaintiff *refers the defendant to the allegations contained in her Complaint.*" (Doc. 1, Exh. C (emphasis added).) Under any reasonable reading, the Discovery Responses contain no new, different or additional information than the Complaint on the question of whether Morrow was fraudulently joined; to the contrary, they simply repeat the allegation that he was store manager and incorporate the factual allegations of the Complaint concerning Morrow. The Discovery Responses reveal <u>nothing</u> about the strength or weakness of plaintiff's claims against Morrow that was not already plain to see from the Complaint itself. As such, the Court rejects Wal-Mart's contention that those Discovery Responses marked the first occasion that it could ascertain intelligently that Morrow was fraudulently joined, so as to give rise to a right of removal.[5]

In so concluding, the Court adopts the reasoning of a pair of analogous district court decisions. First, in *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp.2d 1298 (M.D. Ala. 2003), the removing defendant removed the case to federal court some eight months after it was filed on the

---

Responses was previously possessed by Wal-Mart, the Discovery Responses cannot and do not re-start the 30-day removal clock.

[5] Wal-Mart's argument to the contrary centers on the statement in the Discovery Responses that "the defendant is the manager over the entire Wal-Mart store in which she was injured." (Doc. 6, at 3.) However, substantially the same allegation is set forth in paragraph 18 of the Complaint, and was admitted by both Wal-Mart and Morrow in their Answers, so this was hardly new information to Wal-Mart. Plaintiff pleaded and relied on Morrow's managerial position both in her initial Complaint and in the Discovery Responses eight months later.

grounds that the other defendants had been fraudulently joined. The removing defendant maintained that information received from plaintiff in discovery informed it, for the first time, that the other defendants were fraudulently joined, after which it promptly removed the case. The district court disagreed, concluding upon analysis that the removing defendant "could have intelligently ascertained within the thirty days following [its] receipt of the Complaint that it had valid arguments that all four claims against [the non-diverse defendants] should fail," such that the 30-day "window of opportunity to invoke federal jurisdiction on the basis of diversity and fraudulent joinder" commenced with service of process on that defendant, not discovery conducted many months later. *Id.* at 1308. That conclusion applies with equal strength here. Second, the Court finds persuasive the following reasoning from a federal district court decision from Mississippi:

> "The court finds that the 'other paper' exception does not apply in this case because the case was as removable on its initial pleadings as it was after the submission of the subject discovery responses. The Defendants assert that it was not clear that the non-diverse Defendants had been fraudulently joined until receipt of the subject discovery responses. Upon review of the subject responses, however, the court is of the opinion that they reveal nothing concerning the existence or strength of the Plaintiffs' claims against the non-diverse Defendants."

*Estate of Bloodworth ex rel. Bloodworth v. Illinois Cent. R. Co.*, 2007 WL 188618, *2 (N.D. Miss. Jan. 23, 2007).[6] This case is markedly similar to *Clingan* and *Estate of Bloodworth*; therefore, the Court finds that the "other paper" exception cannot rescue Wal-Mart's untimely removal of this action, and that removal was procedurally improper because Wal-Mart failed to abide by the 30-day window for removal furnished by § 1446(b).

    *C.     The Fraudulent Joinder Issue.*

        *1.     Legal Standard.*

Alternatively, even if the Notice of Removal were somehow complaint with the temporal restrictions of 28 U.S.C. § 1446(b), remand would remain appropriate for lack of subject matter jurisdiction. The law is clear that § 1332 demands complete diversity, such that no plaintiff may

---

[6] *See also Simpson v. Union Pacific R. Co.*, 282 F. Supp.2d 1151, 1157 (N.D. Cal. 2003) ("The problem in a cause such as the one before this court is that fraudulent joinder can be ascertained at the outset. Either the complaint states a claim that possibly may be cognizable against the purported sham defendant or it does not.").

be a citizen of the same state as any defendant.  *See, e.g., Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (recognizing "necessary corollary" of diversity jurisdiction that "complete diversity of citizenship" is required) (citation omitted); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198 n.31 (11th Cir. 2007) ("Section 1332(a)'s diversity requirement has been interpreted to require complete diversity among the parties."); *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) ("28 U.S.C. § 1332 requires complete diversity - the citizenship of every plaintiff must be diverse from the citizenship of every defendant.").[7]

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."  *Triggs*, 154 F.3d at 1287.  Notwithstanding the complete diversity requirement, a non-diverse defendant who is fraudulently joined does not defeat diversity because his citizenship is excluded from the diversity calculus.  Under well established law, a finding of fraudulent joinder is appropriate in the circumstances presented here only if "there is no possibility the plaintiff can establish a cause of action against the resident defendant. ... The defendant must make such a showing by clear and convincing evidence." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  The burden on the removing party to prove fraudulent joinder is a "heavy one."  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *see also Gonzalez v. J.C. Penney Corp.*, 2006 WL 2990086, *3 (11th Cir. Oct. 20, 2006) ("The burden of establishing fraudulent joinder is a heavy one.").  In assessing a fraudulent joinder objection, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor."  *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

Recently, the Eleventh Circuit summarized the fraudulent joinder test as follows: "if

---

[7] Of course, mere diversity is not sufficient to create jurisdiction under § 1332. Rather, "the court is obligated to assure itself that the case involves the requisite amount in controversy."  *Morrison*, 228 F.3d at 1261.  The amount in controversy is assessed as of the date of removal.  *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) ("In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal."); *Burns*, 31 F.3d at 1097 n.13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal.").  Because the complete diversity issue is dispositive of the Motion to Remand, the Court need not reach the question of whether the requisite amount in controversy is satisfied.

there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence*, 484 F.3d at 1299.[8]  Lending substance and depth to this "any possibility" language, the appellate court has explained that "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287; *see also Pacheco de Perez*, 139 F.3d at 1380 (mere "colorable claim" is sufficient to negate fraudulent joinder argument and to compel remand).  Nonetheless, it bears emphasizing that "[t]he potential for legal liability must be reasonable, not merely theoretical," in order to foil a fraudulent joinder objection. *Legg*, 428 F.3d at 1325 n.5 (observing that possibility of liability is evaluated by reason and common sense, and that more is required than such a possibility that a designated residence might be struck by a meteor on a given evening).[9]

The unambiguous directive emerging from the above authorities is that this Court's objective in evaluating the Motion to Remand is to "decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient" to state a viable cause of action against Morrow. *Henderson*, 454 F.3d at 1284.

        2.     *Application.*

Wal-Mart's position is that there is no possibility that Holloway can establish a cause of action against Morrow because plaintiff cannot satisfy the "personal participation" prerequisite for liability.  It is correct that the law of Alabama generally requires that officers and employees

---

[8] *See also Triggs*, 154 F.3d at 1287 ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."); *GMFS, L.L.C. v. Bounds*, 275 F. Supp.2d 1350, 1353-54 (S.D. Ala. 2003) ("A defendant (typically a resident of the forum) is fraudulently joined if there is no possibility that the plaintiff can prove a cause of action against him.").

[9] In weighing the parties' respective arguments, the Court examines "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg*, 428 F.3d at 1322 (citation omitted).  In that respect, the procedural mechanism for resolving a fraudulent joinder objection is akin to that utilized on summary judgment. *See id.*

of a corporation may only be held liable for torts in which they personally participated or to which they personally contributed. *See Kimbrough v. Dial*, 2006 WL 3627102, *5 (S.D. Ala. Dec. 11, 2006) ("Certainly, it is a correct statement of Alabama law that an agent of the corporation cannot be held liable for a corporation's negligent or wrongful acts unless she contributed to or participated in them."); *see generally Ex parte McInnis*, 820 So.2d 795, 798-99 (Ala. 2001) ("A corporate agent who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort."); *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So.2d 774, 775 (Ala. 1986) ("In Alabama, the general rule is that officers or employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity."). But nothing in the Complaint or the Discovery Responses negates personal participation or contribution by Morrow, or establishes clearly and convincingly that there is no possibility that Holloway will be able to demonstrate same with respect to Morrow.[10] To the contrary, plaintiff has specifically alleged in her Complaint (directly) and Discovery Responses (indirectly) that it was Morrow's job to maintain the aisles of the Wal-Mart store in a safe condition, and that he failed to discharge that responsibility. Personal participation has been duly alleged.

To the extent that Wal-Mart would alternatively argue that Morrow was a store manager who owed no duty of care to Holloway, as a matter of law, that argument fails for the reasons previously articulated by this Court in *Kimbrough*, 2006 WL 3627102, at *3-4, and *McDonnell v. Cracker Barrel Old Country Store*, 2007 WL 314492, *2-3 (S.D. Ala. Jan. 31, 2007). As both sides are unquestionably familiar with those decisions, no constructive purpose would be served

---

[10] It appears that Wal-Mart is construing plaintiff's theory of liability for Morrow as being that he is liable simply by virtue of his status as store manager, not because of anything he did or failed to do to cause plaintiff's injuries. But plaintiff has never said that; rather, Wal-Mart is simply drawing questionable inferences and speculating as to plaintiff's ultimate theory of liability. This falls well short of satisfying Wal-Mart's heavy burden of demonstrating fraudulent joinder. As plaintiff colorfully put it in her brief, "[f]or all the plaintiff knows, defendant Victor Morrow could have poured the water she slipped in on the floor himself because he wanted to hurt customers." (Plaintiff's Reply (doc. 8), at 4.) Wal-Mart proffers no evidence that would defeat that theory, or any of a host of more plausible theories under which Morrow's liability to Holloway could be predicated on his own personal participation in and contribution to the dangerous conditions that caused her injury.

by reproducing their reasoning here.

In short, then, even if the removal of this action could somehow be deemed timely under 28 U.S.C. § 1446(b), plaintiff's Motion to Remand would remain well-taken because Wal-Mart has not met its burden of showing by clear and convincing evidence that defendant Morrow was fraudulently joined. In the absence of fraudulent joinder, Morrow's Alabama citizenship is plainly non-diverse from plaintiff's, thereby defeating diversity jurisdiction pursuant to 28 U.S.C. § 1332 and necessitating remand to state court.

### D.     *Plaintiff's Request for Award of Attorney's Fees and Costs.*

In briefing the Motion to Remand, plaintiff requests an award of costs and attorney's fees incurred through the improvident removal of this action from state court, pursuant to 28 U.S.C. § 1447(c). That provision authorizes the court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* However, the Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005); *see also Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329-32 (11th Cir. 2006) (following *Martin* and finding no abuse of discretion in district court's refusal to award costs and fees where removal was objectively reasonable and there were no unusual circumstances). The plaintiff has not shown either that Wal-Mart lacked an objectively reasonable basis for seeking removal or that unusual circumstances exist that nevertheless justify an award of fees. Therefore, the request for an award of attorney's fees and costs is **denied**.

### III.    Conclusion.

For all of the foregoing reasons, plaintiff's Motion to Remand (doc. 4) is **granted**, and this action is hereby **remanded** to the Circuit Court of Dallas County, Alabama pursuant to 28 U.S.C. § 1447(c), for further proceedings. Plaintiff's request for an award of just costs and actual expenses, including attorney's fees, incurred as a result of the removal is **denied**.

DONE and ORDERED this 11th day of February, 2008.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE